

August 10, 2017

**Claire M. Hankin**
914.872.7775 (direct)
Claire.Hankin @wilsonelser.com

**SENT VIA ECF**

Honorable Pamela K. Chen
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

**REQUEST FOR PRE-MOTION CONFERENCE AND
LEAVE TO FILE MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO TRANSFER VENUE UNDER 28 U.S.C. § 1404**

      Re:    **AGL Industries, Inc. v. Continental Indemnity Company,** *et al.*
            **Civil Action No.: 1:17-cv-04179 (PKC)**

Dear Judge Chen:

      We represent the Defendants Continental Indemnity Company ("Continental"), Applied Underwriters, Inc. ("AUI"), Applied Underwriters Captive Risk Assurance Company, Inc. ("AUCRA"), and Applied Risk Services, Inc. ("ARS") (collectively the "Defendants") in the above-captioned matter. Pursuant to Your Honor's Individual Practices and Rules, we write to respectfully request a pre-motion conference in anticipation of filing a pre-answer motion to dismiss, or alternatively, to transfer venue pursuant to *forum non conveniens* and 28 U.S.C. 1404.

      This action was initially removed from the Supreme Court of the State of New York, Queens County to this Court on July 13, 2017. Defendants remain prepared to file their opposition to the Plaintiff's pending Order to Show Cause ("OSC") on Friday, Aug. 11, in accordance with the deadline agreed to by the parties and ordered by this Court. (*See* Dkt. 7.) However, given that the OSC will not be fully submitted and heard by this Court until September or later, Defendants timely submit this letter application.

      This action should be dismissed, or in the alternative, transferred to the District Court in Nebraska, because the primary contract at issue includes a readily enforceable forum-selection clause mandating that the parties resolve any dispute exclusively in the state or federal courts of Douglas County, Nebraska.

**BACKGROUND FACTS AND UNDERLYING ACTION**

      Plaintiff AGL Industries, Inc. ("AGL") is a participant in the loss sensitive EquityComp® Program offered by AUCRA (the "Program"), which provides products and services in connection with workers' compensation insurance coverage. The Program consists of three, separate contracts between distinct entities: (i) a standard workers' compensation insurance policy issued to AGL by Continental, a licensed provider, with rates and forms approved by the

3 Gannett Drive • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • FrankFurt • Munich • Paris

wilsonelser.com

WEST\270049761.1
6639483v.1



New York State Department of Financial Services in conformance with New York State's insurance regulations (the "Continental Policy"); (ii) a separate reinsurance agreement between Continental's affiliate and AUCRA, a licensed captive reinsurance facility; and (iii) a Reinsurance Participation Agreement ("RPA") between AUCRA and AGL, which allows AGL to share financially in the positive or negative loss experience of its workers' compensation claims. Defendant AUI manages the Program and ARS acts as the billing agent.

Paragraph 9 of the RPA affords AUCRA the right to protect the rights of its affiliates and to enforce any affiliate agreements. And, significantly, under Paragraph 13(B) of the RPA, AGL explicitly agreed that:

> ANY LEGAL SUIT, ACTION OR PROCEEDING ARISING OUT OF, RELATED TO OR BASED UPON [THE RPA], OR THE TRANSACTIONS CONTEMPLATED [T]HEREBY . . . MUST ONLY BE INSTITUTED IN THE FEDERAL COURTS . . . OF NEBRASKA. . . LOCATED IN OMAHA AND THE COUNTY OF DOUGLAS, AND EACH PARTY IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF SUCH COURTS . . . . THE PARTIES IRREVOCABLY AND UNCONDITIONALLY WAIVE ANY OBJECTION[S] . . . . AND AGREE NOT TO PLEAD OR CLAIM . . . ANY SUCH COURT . . . [IS] AN INCONVENIENT FORUM. (*See* Dkt. 1-4 at 21-22.)

In addition, on May 15, 2017, AGL executed a Promissory Note to "AUI and its affiliates and subsidiaries (collectively, the 'Holder')" in the amount of $148, 473.67, which also included a similarly worded mandatory Nebraska forum-selection clause and waiver. (*See* Dkt. 1-4 at 90, ¶18.) Under the Note, AGL promised to make an initial payment of $33,473.6 on May 18, 2017, followed by two monthly installments of $57,500 beginning on June 1, 2017, until paid in full.

After continued non-payment of its outstanding balance owed under the Program and the Promissory Note, on June 15, 2017, AGL was issued a Notice of Cancellation of the RPA and Continental Policy effective July 1, 2017. Rather than make any attempt to resolve the dispute directly with Defendants, AGL provided less than 24 hours notice of its intent to file the Complaint and OSC with Temporary Restraining Order in the New York State Supreme Court.

Given both that the disputed RPA and Promissory Note include a Nebraska forum-selection clause and waiver of objections to such venue, Defendants request leave to file a motion to enforce the forum-selection clause and dismiss, or alternatively, transfer this action pursuant to *forum non conveniens* and 28 USC 1404(a).

## A MOTION TO DISMISS SEEKING ENFORCEMENT OF THE PARTIES' MANDATORY FORUM-SELECTION CLAUSE IS APPROPRIATE

The United States Supreme Court established in *Atlantic Marine* that the proper standard for enforcement of a valid forum-selection clause is via *forum non conveniens* and 28 U.S.C. §1404(a). *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S.Ct. 568 (2013) "The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. For that reason, and



because the overarching consideration under §1404(a) is whether a transfer would promote 'the interest of justice,' a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.*, at 581 (internal citations omitted). Accordingly, a forum-selection clause is presumptively enforceable where (1) it is reasonably communicated to the opposing party, (2) it is mandatory versus permissive, and (3) the claims and parties involved in the suit are subject to the forum clause. A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching. *See e.g., Martinez v Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014).

Here, the forum-selection clause was reasonably communicated to AGL as it was one of only two provisions in the RPA printed in all capital letters for emphasis, and was written in plain and unambiguous language. The forum-selection clause also clearly indicates that the designated forum is mandatory for all disputes, and that all of the claims and parties in dispute here fall within the broad scope of the forum clause governing all disputes "arising out of, or relating to the Agreement or the transactions contemplated therein," coupled with provisions allowing AUCRA it act on behalf of its affiliates, including the other named defendants, who are each specifically mentioned in the RPA.

Accordingly, this dispute concerning AGL's participation in the EquityComp® Program is subject to the valid and enforceable forum selection clauses in both the RPA and Promissory Note. Since AGL also expressly waived any objections to jurisdiction, venue, and *forum non conveniens* of the Nebraska courts, AGL cannot meet the heavy burden of showing that the chosen forum would be unreasonable or unjust. Moreover, because the parties are both sophisticated business entities, and AGL executed the RPA subject to the advice of its insurance broker, there was no fraud or overreaching on the part of Defendants.

Therefore, under the *Atlantic Marine* standard, Defendants submit that this forum-selection clause should be presumptively enforced, and respectfully request a pre-motion conference and/or permission from the Court to file a motion to dismiss or, in the alternative, to transfer venue to Nebraska pursuant to *forum non conveniens* and 28 U.S.C. §1404(a).

Thank you for your attention to this matter.

Very truly yours,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP


*/s/ Claire M. Hankin*
*Attorneys for Defendants,*
1133 Westchester Avenue
White Plains, New York 10604
Our File No.: 12548.00070


Cc:     All Counsel of Record via Electronic Filing